## DANIEL KNECHT

### *v.*

## JAMES MITCHELL.

LANDLORD AND TENANT—*whether notice necessary to terminate term.* Where, since the amendatory acts of 1865 and 1867 relating to forcible entry and detainer, a landlord made a verbal lease of premises for two years, and the same were occupied under the same and rents paid, it was *held*, that, although the contract was not binding on the parties in the first instance, because of the statute of frauds, yet, having been executed, no notice was necessary to terminate it, as in the case of a tenancy from year to year.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. WILLIAM WINKELMAN, for the appellant.

Messrs. C. W. & E. L. THOMAS, for the appellee.

Per CURIAM: This was an action of forcible detainer, brought by appellant. On the trial he offered to prove that

the defendant entered upon the premises as his tenant under a verbal lease for two years; that the defendant had paid the rent and had occupied the premises during the two years, which expired on the 1st of August, 1872; that on the 8th of August plaintiff made a demand in writing that the possession should be delivered to him the next day, and that defendant had refused to leave the premises. This testimony was not received, the objection being that the lease was void, under the statute of frauds, and the possession was therefore a tenancy from year to year, which could only be terminated by sixty days' notice.

We can not concur in this view. Section seven of the act of 1865, amending the statute of forcible entry and detainer, provides that in all cases where there is a lease or contract between landlord and tenant, and the covenants are fulfilled, the said lease or contract shall be deemed sufficient notice of its termination, and no other notice shall be necessary. The act of March 5, 1867, provides that said act of 1865 shall embrace all leases, whether verbal or written. Gross' Statutes, 301. These acts are decisive of the present case. The premises have been occupied under the lease; the rent has been paid; the contract has been fully performed, and though not binding upon the parties in the first instance, because of the statute of frauds, yet, having been executed, no notice was necessary to terminate it. The evidence was admissible.

The judgment of the court below is reversed and the cause remanded.

       *Judgment reversed.*